IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CAILIN NICOLE SOLOFF, DYLAN
MICHAEL SOLOFF *and as friends of minors*
*B. S. and L. S. As beneficiaries of the 1978*      17cv0908
*Irrevocable Deed of Trust of Meghan Ellen*     ELECTRONICALLY FILED
*Holtz Soloff, The 1994 Irrevocable Deed of*
*Trust of Mechan Ellen Holtz Soloff, A.M.M.T -*
*A Family Limited Partnership, Custodial*
*Account of Cai*,

        Plaintiffs,

              v.

EDWARD J. AUFMAN, WILLIAM J.
GAFFEY, AUFMAN ASSOCIATES, INC,

        Defendants.

**MEMORANDUM ORDER**

Before the Court are two Motions – one is Defendants' Motion to Dismiss, Motion to Strike, and Motion for More Definite Statement filed by Defendants (ECF 10), and the other is Adult Plaintiffs' Motion for Appointment of Counsel. ECF 13. The parties have responded to one another's Motions, and all matters are now ripe for adjudication.

**I.    General Background**

According to the Complaint, the Adult Plaintiffs filed the instant lawsuit on behalf of their two minor brothers ("Minor Plaintiffs"). The Complaint alleges that in 1978 and 1994, irrevocable deeds of trust were created for the benefit of Plaintiffs' mother and all four of her children – the two Adult Plaintiffs and the two Minor Plaintiffs. Defendants allegedly were the financial advisers to these trusts and provided tax planning, bill paying, financial statement preparation, and wealth management.

In a nutshell, the Plaintiffs' Complaint seeks an accounting, and also seeks damages against Defendants on the following claims: (1) breach of fiduciary duties; (2) negligence in the performance of professional financial advisory duties; and (3) violated Pennsylvania's consumer protection laws. The Adult Plaintiffs are also seeking monetary damages on behalf of the Minor Plaintiffs.

Defendants, after removing this case to Federal Court, filed a Motion to Dismiss, Motion to Strike, and a Motion for More Definite Statement, which was briefed. ECF 10 and ECF 11. Plaintiffs filed a Response in Opposition (ECF 15), and Defendants filed a Reply. ECF 16. The portion of Defendants' motion which argues for dismissal of the case, essentially contends that the two Adult Plaintiffs (Cailin and Dylan) lack the capacity to file this lawsuit on behalf of the two Minor Plaintiffs (B. S. and L. S.). Specifically, Defendants contend that Plaintiffs' Complaint asserts that Plaintiffs' mother is alive and well, and thus, under federal law as well as relevant Pennsylvania law, Plaintiffs' mother, and not the Adult Plaintiffs, possesses the capacity to sue on the Minor Plaintiffs' behalf.

Plaintiffs counter by arguing that the relevant law cited by Defendants is subject to interpretation. ECF 15. Additionally, Plaintiffs argue that their mother is not permitted to sue on their behalf. They further argue that their mother's intervention as a plaintiff on behalf of the Minor Plaintiffs would duplicate the legal proceedings because they (the Adult Plaintiffs) would have to litigate their claims separately from their minor brothers' claims.

Defendants, in their Reply to Plaintiffs' Response, again note that the various laws Defendants cited in their brief in support of a dismissal, require the Plaintiffs' mother to bring the Minor Plaintiffs' claims before this Court. ECF 16.

Next, Plaintiffs' Motion for Appointment of Counsel (ECF 13) and Defendants' Response in Opposition (ECF 14), thoroughly advocate the respective Parties' positions as to whether this Court can and/or should appoint counsel to represent the Adult Plaintiffs.

All of these matters are now ripe for adjudication.

## II. Standard of Review

### A. Motion to Dismiss - Rule 12(b)(6)

Under Rule 12(b)(6), a Complaint must be dismissed for "failure to state a claim upon which relief can be granted." Detailed factual pleading is not required – Rule 8(a)(2) calls for a "short and plain statement of the claim showing that the pleader is entitled to relief" – but a Complaint must set forth sufficient factual allegations that, taken as true, set forth a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard does not require a showing of probability that a claim has merit, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007), but it does require that a pleading show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Determining the plausibility of an alleged claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Iqbal*, the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The third step requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013); *see also Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (In reference to third step, "where there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.").

When adjudicating a Motion to Dismiss for failure to state a claim, the Court must view all of the allegations and facts in the Complaint in the light most favorable to the plaintiff, and must grant the plaintiff the benefit of all reasonable inferences that can be derived therefrom. *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007) (quoting *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005)). However, the Court need not accept inferences or conclusory allegations that are unsupported by the facts set forth in the complaint. See *Reuben v. U.S. Airways, Inc.*, 500 F. App'x 103, 104 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (stating that District Courts "must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions"). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556.

Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler,* 578 F.3d at 212.

In short, a Motion to Dismiss should be granted if a party fails to allege facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

**B. Motion for Appointment of Counsel**

Because removal was predicated upon diversity jurisdiction, this Court applies state substantive law and federal procedural law to the claims brought before it.

A plaintiff has no constitutional or statutory right to the appointment of counsel in a civil lawsuit. *Kravitz v. Institute for Intern. Research, Inc.,* 1992 WL 236904, Civ. A. No. 92-5045 E.D. Pa. Sept. 15, 1992), *citing Ray v. Robinson,* 640 F.2d 474, 477 (3d Cir. 1981). However, a Court may appoint counsel, and has broad discretion to appoint counsel, pursuant to 28 U.S.C. § 1915(d).

III.     Discussion

    A. **Defendants' Motion to Dismiss**

Under Federal law, the following representatives may sue (or defend) on behalf of a minor: (1) a general guardian; (2) a committee; (3) a conservator; or (4) a like fiduciary. Fed. R. Civ. P. 17(c). A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. *Id*. Federal Rule of Civil Procedure 17 prescribes a two-part inquiry. First, Rule 17(b) incorporates state law practice and provides, "The capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of the individual's domicile.*" Gibbs ex rel. Gibbs v. Carnival Cruise Lines*, 314 F.3d 125, 135 (3d Cir. 2002). Thus, under this two-step process,

this Court must first determine whether the Minor Plaintiffs have a "duly appointed representative" who has the capacity to bring the action on behalf of the minors. *Id., citing McSparran v. Weist,* 402 F.2d 867, 869 (3d Cir. 1968). Rule 17(b) instructs this Court to look at the "law of the individual's domicile," in this case Pennsylvania, to ascertain whether a representative has been duly appointed.

This Court finds, based on the Adult Plaintiffs' Complaint and other filings, that the mother of both the Adult and Minor Plaintiffs is living and capable of bringing claims on behalf of her two minor children. In addition, there are no alleged facts in the lengthy Complaint, nor in any of the Adult Plaintiffs' Briefs, as to why the two Adult Plaintiffs have any authority to sue on behalf of their siblings. Similarly, there are no alleged facts as to why the Plaintiffs' mother cannot act on the behalf of the Minor Plaintiffs.[1] Moreover, the Adult Plaintiffs indicate in their Brief in Opposition to the Motion to Dismiss, that they are better positioned to bring this lawsuit because their own claims align with the claims of their minor brothers. Their desire to bring the claims on behalf of their minor brothers may be noble and even permissible under certain circumstances, but is not the best course of action in jurisprudence here. For example, because the Adult Plaintiffs are older than their minor siblings, the desire to settle all of their own claims, as well as the Minors' claims, for a given sum may be greater on the part of the Adult Plaintiffs, given their situation and station in life; but, such a settlement may not be in the best interest of the Minor Plaintiffs. Thus, this Court concludes that the Plaintiffs' mother would be the best representative of the minor children's claims.

---

[1] The Court also acknowledges that the Adult Plaintiffs argued that their mother would not be qualified to represent their minor siblings under 20 Pa.C.S.A. § 5112. However, this Pennsylvania state statute prohibits a parent of a minor from acting as the guardian of the minors' estate. Here, the guardian (presumably Plaintiffs' mother) would bring this lawsuit as the guardian of the persons.

6

Given this decision, the Court will grant the Defendants' Motion to Dismiss without prejudice, due to the lack capacity for the Adult Plaintiffs to sue on behalf of the Minor Plaintiffs.

**B. Motion to Appoint Counsel**

Because the Court has determined that the Adult Plaintiffs lack capacity to sue on behalf of their minor siblings, the Court will deny as moot the Adult Plaintiffs' Motion for Appointment of Counsel.

As noted above, the Motion to Dismiss will be granted without prejudice so that the Plaintiffs' mother may bring the action on behalf of the Minor Plaintiffs. Should the Plaintiffs' mother now choose to represent her minor children's interests she may do so on their behalf. In addition, the Adult Plaintiffs may decide to raise the same claims on their own behalf, given that the Adult Plaintiffs indicated in one of their briefs that they have the same claims and grievances as their minor siblings.

Because this Court is granting the Motion to Dismiss without prejudice, the Court notes that although a representative or guardian may sue or defend on behalf of a minor, the United States Court of Appeals for the Third Circuit has established that a non-attorney parent is not entitled to represent her child in place of an attorney. *Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 883 (3d Cir.1991). *See also Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 231 (3d Cir.1998) (collecting cases and discussing policy considerations). Thus, should the Plaintiffs' mother wish to proceed on behalf of her minor children, she will need to retain an attorney to do so. Although Plaintiffs' mother may certainly request this Court appoint an attorney, a plaintiff in a civil action has no constitutional or statutory right to appointed counsel. 28 U.S.C. § 1915(e). This Court has broad discretion in deciding whether to appoint an attorney to

represent an individual who is unable to afford counsel. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002).

Accordingly, the Court will deny the current Motion to Appoint Counsel as moot, given that the Adult Plaintiffs lack the capacity to sue on behalf of their minor siblings and thus no counsel need be appointed as the only claims raised by the Adult Plaintiffs were those of the Minor Plaintiffs. In addition, in the future, should either the Adult Plaintiffs pursue their own alleged claims and/or the Plaintiffs' mother pursue any alleged claims on behalf of the Minor Plaintiffs, this Court strongly encourages any potential Plaintiff and/or Representative to retain counsel.

# **ORDER**

AND NOW this 27th day of September, 2017, this Court GRANTS Defendants' Motion to Dismiss the Plaintiffs' Complaint without prejudice should a person with capacity to sue on behalf of the Minor Plaintiffs come forward. The Court DENIES the Plaintiffs' Motion for Appointment of Counsel as moot.

s/ Arthur J. Schwab<br>
Arthur J. Schwab<br>
United States District Judge

cc:   ECF registered counsel of record

    and

CAILIN NICOLE SOLOFF and
DYLAN MICHAEL SOLOFF
31622 Fairview Road
Laguna Beach, CA 92651